**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TERRENCE ENRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 14-cv-08380 |
| | ) |
| THE CORVUS COMPANY, LLC, and NATIONAL TENANT NETWORK, INC., | ) |
| | ) |
| Defendants. | ) |

# AMENDED COMPLAINT

## INTRODUCTION

1. Plaintiff, Terrence Enright, brings this action under the Federal Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), to secure redress for the failure of defendants The Corvus Company, LLC ("Corvus"), and National Tenant Network, Inc. ("National Tenant") to follow reasonable procedures to ensure the maximum possible accuracy of the background checks they provided prospective landlords regarding plaintiff.

## JURISDICTION AND VENUE

2. The Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1681p.

3. Venue and personal jurisdiction are proper in this Court, in that plaintiff was injured in this District, each defendant regularly does or transacts business in the District, and each defendant regularly furnishes consumer reports on persons residing within the District.

## PARTIES

4. Plaintiff Terrence Enright is a resident of Chicago, Illinois.

5. Corvus is an Illinois limited liability company. Its registered agent and office is Mark Madorin, 223 Bridle Path Circle, Oak Brook, Illinois 60523. It is a franchisee of National Tenant.

6. National Tenant is a corporation which is headquartered in Lake Oswego,

Oregon.

7. Defendants are engaged in the business, for profit, of providing reports concerning individuals' credit and mode of living.

8. At all times relevant hereto defendants were "consumer reporting agencies" governed by the FCRA.

9. At all times relevant hereto defendants were regularly engaged in the business of assembling, evaluating and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties.

10. Defendants describe their businesses as follows on their web site:

> Welcome to NTN-Chicago
>
> Our office services the Greater Chicagoland area including Cook County, DuPage County, Lake County, Kane County, Will County and McHenry County. Our office is in Lombard, centrally located to our market. The NTN office staff is available 8:30 am - 5:00 pm, Monday through Friday. We are happy to answer questions about new accounts, pricing, web site familiarization, credit report interpretation and other tenant screening related inquiries.
>
> Tips for Successful Resident Screening
>
> Most landlords, even some "pros,'are still practicing the old way of doing things-they take a social security number, make one phone call, and rent to the person. Then they wonder where the problems are coming from. Well, the old methods don't work anymore. Quit relying on character judgment. For managing rental property, it does not work. Have a set application process, written down. Applicants must meet all the criteria. If they don't, don't rent to them. It is simple, legal, and fair.
>
> Proper tenant screening increases occupancy and retention. Nothing in the fair housing laws forbids you from setting fair screening guidelines and applying them equally to all applicants. Keep in mind that every person belongs to these protected classes-each of us can be defined in terms of our race, color, religion, sex, and national origin, for example. So any time you deny an applicant, you have, in a sense, denied someone who belongs to a protected class. The question is whether or not you treat applicants or tenants unfairly because of the class to which they belong. If the criteria you set are blind to class issues and you apply them consistently, then you may turn down applicants who do not meet your criteria. The key lies in making sure your screening process is fair.
>
> Always ask for a picture ID and verification of the Social security number
>
> Review the complete application for legibility and complete information including release signature of applicant(s)

**FACTS**

11. On or about April 8, 2014, defendants issued, through Corvus, an "Eviction Report" purportedly pertaining to plaintiff. A copy of the report is attached as Exhibit A. The report also apparently relied on information from Experian Information Solutions, Inc., one of the major credit bureaus, and contained a score which advised the landlord he should deny plaintiff's rental application.

12. The report had been requested by a prospective landlord through Corvus, after plaintiff had sought to rent an apartment.

13. The report represented that plaintiff had been the defendant in three eviction cases that belonged to a Teri Enright and had nothing to with plaintiff. The report also listed other incomplete public record information that should not have been published.

14. Defendant's report described the information as "eviction filing data" and stated that it could not be certain that the records had anything to do with plaintiff.

15. This is not a reasonable basis for assuming that the Teri Enright who was the subject of the California eviction cases was the same person as the plaintiff. The name "Teri" was not listed as a name plaintiff had ever used, nor were the Marina County, CA addresses associated with Teri's evictions listed as an address plaintiff had ever used.

16. It was not maximally possible accurate to list public records on a report that should not have been published.

17. Defendants' procedures are not consistent with maximum accuracy.

18. Landlords are likely to deny a rental application by someone with respect to whom defendant reports negative information, regardless of whether the information has anything to do with the applicant.

19. As a result of the issuance of the report, plaintiff had great difficulty finding housing and suffered aggravation and distress.

20. When plaintiff first contacted defendant Corvus by phone to dispute the

inaccurate reporting, Corvus's employees told plaintiff there was no way the report could be corrected and that they were not subject to the Fair Credit Reporting Act. They also told him they were not required to give him a copy of the report. After obtaining the assistance of an attorney, plaintiff was eventually able to get a copy the report that was allegedly issued to the landlord. Plaintiff then submitted a written dispute to defendants, who eventually issued a corrected report.

## COUNT I – FCRA

21. Plaintiff incorporates paragraphs 1-20.

22. Defendants failed to comply with their obligations under the FCRA, 15 U.S.C. §1681e(b), by failing to follow reasonable procedures to assure the maximum possible accuracy of the information in the file they maintain on and their reports regarding plaintiff.

23. Section 1681e(b) provides:

> **(b) Accuracy of report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

24. Section 1681n provides:

> **§1681n. Civil liability for willful noncompliance**
>
> **(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**
>
> **(1)**
>
> **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
>
> **(2) such amount of punitive damages as the court may allow; and**
>
> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

25. Section 1681o provides:

**§1681o. Civil liability for negligent noncompliance**

**(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--**

**(1) any actual damages sustained by the consumer as a result of the failure;**

**(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

26. Section 1681p provides:

**§1681p. Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of–**

**(1) 2 years after the date of discovery by the plaintiff of the violation that is liability; or**

**(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

27. Defendants conduct was reckless and/or negligent. Defendants issued a report containing evictions relating to a California individual with a slightly different name, despite the fact that there are obviously numerous Terry, Terri and Terrence Enrights in the United States. Defendants did so without checking databases they had access to which would have shown plaintiff was not associated with those addresses. One information and belief, defendants' initial report was generated completely by computer, and now verified by a human being. While defendants listed the contact information for the landlords in California, on information and belief, defendants made no efforts to contact those landlords themselves to ensure the Terri Enright who was the subject of the California eviction cases was the same person as the Terrence Enright who had submitted a rental application in Chicago. Defendants also listed incomplete information about other public records and recommended that he be denied housing based on that incomplete information. Defendants' conduct in this regard was reckless and involved an obviously forseeable risk of violating the law, issuing an inaccurate report, and causing harm to

plaintiff, and defendants' could therefore not possibly have had a reasonable belief that their conduct complied with the FCRA.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

a. Statutory damages;

b. Actual damages;

c. Punitive damages;

d. Attorney's fees, litigation expenses and costs of suit;

e. Such other or further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)

**JURY DEMAND**

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman
Daniel A. Edelman

T:\30234\Pleading\Amended Complaint_Pleading.WPD