**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TERRENCE ENRIGHT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CORVUS COMPANY, LLC, and )<br>NATIONAL TENANT NETWORK, INC., )<br>)<br>Defendants. ) | No. 14-cv-08380 |

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant, The Corvus Company, LLC, by and through its undersigned counsel, hereby states its answers and affirmative defenses to the Amended Complaint of Plaintiff, Terrence Enright, as follows:

## INTRODUCTION

1. Plaintiff, Terrence Enright, brings this action under the Federal Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), to secure redress for the failure of defendants The Corvus Company, LLC ("Corvus"), and National Tenant Network, Inc. ("National Tenant") to follow reasonable procedures to ensure the maximum possible accuracy of the background checks they provided prospective landlords regarding plaintiff.

**ANSWER:** Defendant DENIES the allegations in Paragraph 1.

## JURISDICTION AND VENUE

2. The Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1681p.

**ANSWER:** Defendant ADMITS that this Court has jurisdiction but DENIES any violation of the FCRA.

1

3. Venue and personal jurisdiction are proper in this Court, in that plaintiff was injured in this District, each defendant regularly does or transacts business in the District, and each defendant regularly furnishes consumer reports on persons residing within the District.

**ANSWER:** Defendant ADMITS venue and personal jurisdiction is proper, but DENIES the remaining allegations in Paragraph 3.

## PARTIES

4. Plaintiff Terrence Enright is a resident of Chicago, Illinois.

**ANSWER:** Defendant DENIES the allegations in Paragraph 4 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

5. Corvus is an Illinois limited liability company. Its registered agent and office is Mark Madorin, 223 Bridle Path Circle, Oak Brook, Illinois 60523. It is a franchisee of National Tenant.

**ANSWER:** Defendant ADMITS the allegations in Paragraph 5.

6. National Tenant is a corporation which is headquartered in Lake Oswego, Oregon.

**ANSWER:** Defendant ADMITS the allegations in Paragraph 6.

7. Defendants are engaged in the business, for profit, of providing reports concerning individuals' credit and mode of living.

**ANSWER:** Defendant DENIES that it is in the business, for profit, of providing reports concerning individuals' credit and mode of living. Answering further, Defendant does not issue consumer reports; as a franchisee of National Tenant, Defendant merely acts as a local contact for landlords interested in utilizing National Tenant's tenant screening services. National Tenant

prepared the consumer report at issue in this case and it is National Tenant that is in the business, for profit, of providing reports concerning individuals' credit.

8. At all times relevant hereto defendants were "consumer reporting agencies" governed by the FCRA.

**ANSWER:** Defendant DENIES that it is a consumer reporting agency governed by the FCRA. Defendant ADMITS that National Tenant is a consumer reporting agency governed by the FCRA.

9. At all times relevant hereto defendants were regularly engaged in the business of assembling, evaluating and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties.

**ANSWER:** Defendant DENIES that at all times relevant hereto it was regularly engaged in the business of assembling, evaluating and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties. Defendant ADMITS at all times relevant hereto National Tenant regularly engaged in the business of assembling, evaluating and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties.

10. Defendants describe their businesses as follows on their web site:

Welcome to NTN-Chicago

Our office services the Greater Chicagoland area including Cook County, DuPage County, Lake County, Kane County, Will County and McHenry County. Our office is in Lombard, centrally located to our market. The NTN office staff is available 8:30 am - 5:00 pm, Monday through Friday. We are happy to answer questions about new accounts, pricing, web site familiarization, credit report interpretation and other tenant screening related inquiries.

Tips for Successful Resident Screening

> Most landlords, even some "pros,' are still practicing the old way of doing things-they take a social security number, make one phone call, and rent to the person. Then they wonder where the problems are coming from. Well, the old methods don't work anymore. Quit relying on character judgment. For managing rental property, it does not work. Have a set application process, written down. Applicants must meet all the criteria. If they don't, don't rent to them. It is simple, legal, and fair.
>
> Proper tenant screening increases occupancy and retention. Nothing in the fair housing laws forbids you from setting fair screening guidelines and applying them equally to all applicants. Keep in mind that every person belongs to these protected classes-each of us can be defined in terms of our race, color, religion, sex, and national origin, for example. So any time you deny an applicant, you have, in a sense, denied someone who belongs to a protected class. The question is whether or not you treat applicants or tenants unfairly because of the class to which they belong. If the criteria you set are blind to class issues and you apply them consistently, then you may turn down applicants who do not meet your criteria. The key lies in making sure your screening process is fair.
>
> Always ask for a picture ID and verification of the Social security number
>
> Review the complete application for legibility and complete information including release signature of applicant(s).

**ANSWER:** Defendant ADMITS that the aforementioned description appears on National Tenant's website. Defendant DENIES any suggestion that it owns and operates said website.

## FACTS

11. On or about April 8, 2014, defendants issued, through Corvus, an "Eviction Report" purportedly pertaining to plaintiff. A copy of the report is attached as <u>Exhibit A</u>. The report also apparently relied on information from Experian Information Solutions, Inc., one of the major credit bureaus, and contained a score which advised the landlord he should deny plaintiff's rental application.

**ANSWER:** Defendant ADMITS that on or about April 8, 2014, National Tenant prepared and issued a report pertaining to Plaintiff and that a redacted copy of that report is attached as Exhibit A. Defendant DENIES, however, that it prepared and/or issued the report pertaining to Plaintiff, a redacted copy of which is attached as Exhibit A. Answering further, on April 8, 2014,

4

prospective landlord, David J. Johnston, utilized his user ID and password to access National Tenant's nationally networked data servers and obtain a copy of Plaintiff's report directly from National Tenant. Defendant ADMITS that the report pulled by the prospective landlord and prepared by National Tenant appears to rely on information from Experian Information Solutions, Inc., and contained a score which suggested the prospective landlord should deny Plaintiff's rental application.

12. The report had been requested by a prospective landlord through Corvus, after plaintiff had sought to rent an apartment.

**ANSWER:** Defendant DENIES the allegations in Paragraph 12. Answering further, the prospective landlord, David J. Johnston, after a rigorous screening process, was given a user ID and password to access National Tenant's nationally networked data servers for instant retrieval of consumer reports. On April 8, 2014, David J. Johnston utilized his user ID and password to access National Tenant's nationally networked data server and obtain a copy of Plaintiff's consumer report directly from National Tenant.

13. The report represented that plaintiff had been the defendant in three eviction cases that belonged to a Teri Enright and had nothing to with [sic] plaintiff. The report also listed other incomplete public record information that should not have been published.

**ANSWER:** Defendant DENIES the allegations in Paragraph 13 for lack of knowledge and information sufficient to form a belief therein, which has the effect of a denial.

14. Defendant's report described the information as "eviction filing data" and stated that it could not be certain that the records had anything to do with plaintiff.

**ANSWER:** Defendant ADMITS that the report issued by National Tenant included "Eviction Filing Data" and stated "All Civil Court Records are filed by NAME ONLY. This makes it

impossible to be certain that the following filings involve your applicant. Please call the plaintiff listed for more information." Defendant DENIES the remaining allegations, if any, in Paragraph 14.

15. This is not a reasonable basis for assuming that the Teri Enright who was the subject of the California eviction cases was the same person as the plaintiff. The name "Teri" was not listed as a name plaintiff had ever used, nor were the Marina County, CA addresses associated with Teri's evictions listed as an address plaintiff had ever used.

**ANSWER:** Defendant DENIES the allegations in Paragraph 15.

16. It was not maximally possible accurate to list public records on a report that should not have been published.

**ANSWER:** Defendant DENIES the allegations in Paragraph 16.

17. Defendants' procedures are not consistent with maximum accuracy.

**ANSWER:** Defendant DENIES the allegations in Paragraph 17. Answering further, Defendant states that it did not prepare and/or issue the report pertaining to Plaintiff.

18. Landlords are likely to deny a rental application by someone with respect to whom defendant reports negative information, regardless of whether the information has anything to do with the applicant.

**ANSWER:** Defendant DENIES the allegations in Paragraph 18.

19. As a result of the issuance of the report, plaintiff had great difficulty finding housing and suffered aggravation and distress.

**ANSWER:** Defendant DENIES the allegations in Paragraph 14.

20. When plaintiff first contacted defendant Corvus by phone to dispute the inaccurate reporting, Corvus's employees told plaintiff there was no way the report could be

corrected and that they were not subject to the Fair Credit Reporting Act. They also told him they were not required to give him a copy of the report. After obtaining the assistance of an attorney, plaintiff was eventually able to get a copy the report that was allegedly issued to the landlord. Plaintiff then submitted a written dispute to defendants, who eventually issued a corrected report.

**ANSWER:** Defendant ADMITS that a revised report was provided to the Plaintiff and the prospective landlord in response to Plaintiff's request for reinvestigation. Defendant DENIES the remaining allegations in Paragraph 20.

## COUNT I – FCRA

21. Plaintiff incorporates paragraphs 1-20.

**ANSWER:** Defendant repeats, re-alleges, and incorporates by reference its answers to Paragraphs 1 through 20.

22. Defendants failed to comply with their obligations under the FCRA, 15 U.S.C. §1681e(b), by failing to follow reasonable procedures to assure the maximum possible accuracy of the information in the file they maintain on and their reports regarding plaintiff.

**ANSWER:** Defendant DENIES the allegations in Paragraph 22.

23. Section 1681e(b) provides:

**(b) Accuracy of report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

**ANSWER:** Defendant ADMITS the allegations in Paragraph 23.

24. Section 1681n provides:

**§1681n. Civil liability for willful noncompliance**

7

>**(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**
>
>>**(1)**
>>
>>>**(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
>>
>>**(2) such amount of punitive damages as the court may allow; and**
>>
>>**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

**ANSWER:** Defendant ADMITS the allegations in Paragraph 24.

    25.    Section 1681provides

**§1681o.  Civil liability for negligent noncompliance**

**(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of—**

>**(1) any actual damages sustained by the consumer as a result of the failure;**
>
>**(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

**ANSWER:** Defendant ADMITS the allegations in Paragraph 25.

    26.    Section 1681p provides:

**§1681p.  Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of–**

>**(1) 2 years after the date of discovery by the plaintiff of the violation that is liability; or**

>    **(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

**ANSWER:** Defendant ADMITS the allegations in Paragraph 26.

27. Defendants conduct was reckless and/or negligent. Defendants issued a report containing evictions relating to a California individual with a slightly different name, despite the fact that there are obviously numerous Terry, Terri and Terrence Enrights in the United States. Defendants did so without checking databases they had access to which would have shown plaintiff was not associated with those addresses. One information and belief, defendants' initial report was generated completely by computer, and now [sic] verified by a human being. While defendants listed the contact information for the landlords in California, on information and belief, defendants made no efforts to contact those landlords themselves to ensure the Terri Enright who was the subject of the California eviction cases was the same person as the Terrence Enright who had submitted a rental application in Chicago. Defendants also listed incomplete information about other public records and recommended that he be denied housing based on that incomplete information. Defendants' conduct in this regard was reckless and involved an obviously forseeable risk of violating the law, issuing an inaccurate report, and causing harm to plaintiff, and defendants' [sic] could therefore not possibly have had a reasonable belief that their conduct complied with the FCRA.

**ANSWER:** Defendant DENIES the allegations in Paragraph 27.

## **AFFIRMATIVE DEFENSES**

1. The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted and further fails to state facts sufficient to entitle the Plaintiff to the relief sought, or any other relief from Defendant.

2. To the extent this Court finds that Defendant constitutes a "consumer reporting

agency" which issued a report with inaccurate information, a claim which Defendant expressly denies, the Defendant followed reasonable procedures to assure maximum possible accuracy of the information contained in the report and otherwise made good faith efforts to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

3. The report prepared and issued by National Tenant Network, Inc. to the prospective landlord was accurate as it contained a clear disclosure that "All Civil Court Records are filed by NAME ONLY. This makes it impossible to be certain that the following filings involve your applicant. Please call the plaintiff listed for more information."

4. Even if the "eviction filing data" contained in the report prepared and issued by National Tenant Network, Inc. is deemed inaccurate, the denial of the apartment was caused by factors other than the alleged inaccurate entries; namely that Plaintiff failed the credit criteria required by the prospective landlord.

5. Plaintiff's claims may be barred or limited to the extent any damages or losses allegedly sustained by Plaintiff were the direct and proximate result of intervening and superseding actions or omissions by third parties for which Defendant may not be held liable, thus precluding Plaintiff from any recovery from Defendant.

6. Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to statutory penalties and/or punitive damages.

**DATED:** April 22, 2015
/s/ Nicole M. Strickler
Nicole M. Strickler # 6298459
Messer, Stilp & Strickler, Ltd.
166 W. Washington St., Suite 300
Chicago, IL 60602
312-334-3476
312-334-3434 (fax)
strickler@messerstilp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of April 2015, a true and accurate copy of the foregoing **Defendant's Answer & Affirmative Defenses to Amended Complaint** was filed with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Nicole M. Strickler
Nicole M. Strickler # 6298459
Messer, Stilp & Strickler, Ltd.
166 W. Washington St., Suite 300
Chicago, IL 60602
312-334-3476
312-334-3434 (fax)
strickler@messerstilp.com
*Attorney for Defendant*
