IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE ENRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14-cv-08380 |
| | ) |
| THE CORVUS COMPANY, LLC, and | ) |
| NATIONAL TENANT NETWORK, INC., | ) |
| | ) |
| Defendants. | ) |

**ANSWER TO AMENDED COMPLAINT**

Defendant, National Tenant Network, Inc., by and through its undersigned counsel, hereby states its answers to the Amended Complaint of Plaintiff, Terrence Enright, as follows:

**INTRODUCTION**

1. Plaintiff, Terrence Enright, brings this action under the Federal Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), to secure redress for the failure of defendants The Corvus Company, LLC ("Corvus"), and National Tenant Network, Inc. ("NTN, Inc.") to follow reasonable procedures to ensure the maximum possible accuracy of the background checks they provided prospective landlords regarding plaintiff.

**ANSWER:** NTN, Inc. denies each and every allegation contained in said paragraph.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1681p.

**ANSWER:** NTN, Inc. is presently without sufficient knowledge or information to form a belief as to the truth of all the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

3. Venue and personal jurisdiction are proper in this Court, in that plaintiff was injured in this District, each defendant regularly does or transacts business in the District, and each defendant regularly furnishes consumer reports on persons residing within the District.

**ANSWER:** NTN, Inc. is presently without sufficient knowledge or information to form a belief as to the truth of all the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

### PARTIES

4. Plaintiff Terrence Enright is a resident of Chicago, Illinois.

**ANSWER:** NTN, Inc. is presently without sufficient knowledge or information to form a belief as to the truth of all the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

5. Corvus is an Illinois limited liability company. Its registered agent and office is Mark Madorin, 223 Bridle Path Circle, Oak Brook, Illinois 60523. It is a franchisee of National Tenant.

**ANSWER:** NTN Inc. admits that Corvus is a franchisee. NTN, Inc. is without sufficient knowledge or information to form a belief as to the truth of all the other allegations in said paragraph, and on that basis denies same.

6. National Tenant is a corporation which is headquartered in Lake Oswego, Oregon.

**ANSWER:** NTN, Inc. admits the allegations in Paragraph 6.

7. Defendants are engaged in the business, for profit, of providing reports concerning individuals' credit and mode of living.

**ANSWER:** NTN, Inc. admits that it is engaged in the business, for profit, of providing reports concerning individuals' credit and mode of living. NTN, Inc. further admits that defendant Corvus Company, LLC is engaged in the business, for profit, of providing reports concerning individuals' credit and mode of living.

8. At all times relevant hereto defendants were "consumer reporting agencies" governed by the FCRA.

**ANSWER:** NTN, Inc. admits that it is a consumer reporting agency. NTN, Inc. further admits that defendant Corvus Company, LLC is a consumer reporting agency governed by the FCRA.

9. At all times relevant hereto defendants were regularly engaged in the business of assembling, evaluating and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties.

**ANSWER:** NTN, Inc. admits that it is engaged in the business of assembling, evaluating and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties. However, NTN, Inc. denies that it caused a consumer report to be generated for Plaintiff. NTN, Inc. further admits that defendant Corvus Company, LLC is engaged in the business of assembling, evaluating and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties and caused a report to be generated for Plaintiff.

10. Defendants describe their businesses as follows on their web site:

Welcome to NTN-Chicago

Our office services the Greater Chicagoland area including Cook County, DuPage County, Lake County, Kane County, Will County and McHenry County. Our office is in Lombard, centrally located to our market. The NTN office staff is available 8:30 am - 5:00 pm, Monday through Friday. We are happy to answer questions about new accounts,

pricing, web site familiarization, credit report interpretation and other tenant screening related inquiries.

Tips for Successful Resident Screening

Most landlords, even some 'pros,' are still practicing the old way of doing things-they take a social security number, make one phone call, and rent to the person. Then they wonder where the problems are coming from. Well, the old methods don't work anymore. Quit relying on character judgment. For managing rental property, it does not work. Have a set application process, written down. Applicants must meet all the criteria. If they don't, don't rent to them. It is simple, legal, and fair.

Proper tenant screening increases occupancy and retention. Nothing in the fair housing laws forbids you from setting fair screening guidelines and applying them equally to all applicants. Keep in mind that every person belongs to these protected classes-each of us can be defined in terms of our race, color, religion, sex, and national origin, for example. So any time you deny an applicant, you have, in a sense, denied someone who belongs to a protected class. The question is whether or not you treat applicants or tenants unfairly because of the class to which they belong. If the criteria you set are blind to class issues and you apply them consistently, then you may turn down applicants who do not meet your criteria. The key lies in making sure your screening process is fair.

Always ask for a picture ID and verification of the Social security number

Review the complete application for legibility and complete information
including release signature of applicant(s).

**ANSWER:** NTN, Inc. admits that the description above appears on its website under "NTN-Chicago". NTN, Inc. denies that the content was drafted by it.

## FACTS

11. On or about April 8, 2014, defendants issued, through Corvus, an "Eviction Report" purportedly pertaining to plaintiff. A copy of the report is attached as <u>Exhibit A.</u> The report also apparently relied on information from Experian Information Solutions, Inc., one of the major credit bureaus, and contained a score which advised the landlord he should deny plaintiff's rental application.

**ANSWER:** NTN, Inc. admits that defendant Corvus Company, LLC caused a consumer report to be generated pertaining to plaintiff. Except as so admitted, NTN, Inc. denies all remaining allegations in Paragraph 11.

12. The report had been requested by a prospective landlord through Corvus, after plaintiff had sought to rent an apartment.

**ANSWER:** NTN, Inc. is without sufficient knowledge or information to form a belief as to the truth of all the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

13. The report represented that plaintiff had been the defendant in three eviction cases that belonged to a Teri Enright and had nothing to with [sic] plaintiff. The report also listed other incomplete public record information that should not have been published.

**ANSWER:** NTN, Inc. is without sufficient knowledge or information to form a belief as to the truth of all the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

14. Defendant's report described the information as "eviction filing data" and stated that it could not be certain that the records had anything to do with plaintiff.

**ANSWER:** NTN, Inc. is without sufficient knowledge or information to form a belief as to the truth of all the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

15. This is not a reasonable basis for assuming that the Teri Enright who was the subject of the California eviction cases was the same person as the plaintiff. The name "Teri" was not listed as a name plaintiff had ever used, nor were the Marina County, CA addresses associated with Teri's evictions listed as an address plaintiff had ever used.

**ANSWER:** NTN, Inc. denies the allegations in Paragraph 15, and further denies that the allegations pertain to any action or omission on its part.

16. It was not maximally possible accurate to list public records on a report that should not have been published.

**ANSWER:** NTN, Inc. denies the allegations in Paragraph 16, and further denies that the allegations pertain to any action or omission on its part.

17. Defendants' procedures are not consistent with maximum accuracy.

**ANSWER:** NTN, Inc. denies the allegations in Paragraph 17, and further denies that the allegations pertain to any action or omission on its part.

18. Landlords are likely to deny a rental application by someone with respect to whom defendant reports negative information, regardless of whether the information has anything to do with the applicant.

**ANSWER:** NTN, Inc. denies the allegations in Paragraph 18.

19. As a result of the issuance of the report, plaintiff had great difficulty finding housing and suffered aggravation and distress.

**ANSWER:** NTN, Inc. denies the allegations in Paragraph 19, and further denies that the allegations pertain to any action or omission on its part.

20. When plaintiff first contacted defendant Corvus by phone to dispute the inaccurate reporting, Corvus's employees told plaintiff there was no way the report could be corrected and that they were not subject to the Fair Credit Reporting Act. They also told him they were not required to give him a copy of the report. After obtaining the assistance of an attorney, plaintiff was eventually able to get a copy the report that was allegedly issued to the

landlord. Plaintiff then submitted a written dispute to defendants, who eventually issued a corrected report.

**ANSWER:** NTN, Inc. admits that defendant Corvus Company, LLC issued a revised report to Plaintiff following a request for reinvestigation. Except as so admitted, NTN, Inc. denies all allegations in Paragraph 20.

## COUNT I – FCRA

21. Plaintiff incorporates paragraphs 1-20.

**ANSWER:** NTN, Inc. repeats, re-alleges, and incorporates by reference its answers to Paragraphs 1 through 20.

22. Defendants failed to comply with their obligations under the FCRA, 15 U.S.C. §1681e(b), by failing to follow reasonable procedures to assure the maximum possible accuracy of the information in the file they maintain on and their reports regarding plaintiff.

**ANSWER:** NTN, Inc. denies the allegations in Paragraph 22, and further denies that the allegations pertain to any action or omission on its part.

23. Section 1681e(b) provides:

**(b) Accuracy of report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

**ANSWER:** This paragraph contains only legal contentions and not factual allegations, and Defendant is therefore not required to admit or deny said paragraph.

24. Section 1681n provides:

**§1681n. Civil liability for willful noncompliance**
**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

>   ( 1 )
>
>   **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
>
>   ( 2 ) **such amount of punitive damages as the court may allow; and**
>
>   ( 3 ) **in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

**ANSWER:** This paragraph contains only legal contentions and not factual allegations, and Defendant is therefore not required to admit or deny said paragraph.

   25.   Section 1681provides

>   **§1681o. Civil liability for negligent noncompliance**
>   **(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of—**
>
>   **(1)  any actual damages sustained by the consumer as a result of the failure;**
>   **(2)  in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

**ANSWER:** This paragraph contains only legal contentions and not factual allegations, and Defendant is therefore not required to admit or deny said paragraph.

   26.   Section 1681p provides:

>   **§1681p. Jurisdiction of courts; limitation of actions**
>   **An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of–**
>   **(1) 2 years after the date of discovery by the plaintiff of the violation that is liability; or**
>   **(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

**ANSWER:**   This paragraph contains only legal contentions and not factual allegations, and Defendant is therefore not required to admit or deny said paragraph.

27. Defendants conduct was reckless and/or negligent. Defendants issued a report containing evictions relating to a California individual with a slightly different name, despite the fact that there are obviously numerous Terry, Terri and Terrence Enrights in the United States. Defendants did so without checking databases they had access to which would have shown plaintiff was not associated with those addresses. One information and belief, defendants' initial report was generated completely by computer, and now [sic] verified by a human being. While defendants listed the contact information for the landlords in California, on information and belief, defendants made no efforts to contact those landlords themselves to ensure the Terri Enright who was the subject of the California eviction cases was the same person as the Terrence Enright who had submitted a rental application in Chicago. Defendants also listed incomplete information about other public records and recommended that he be denied housing based on that incomplete information. Defendants' conduct in this regard was reckless and involved an obviously forseeable risk of violating the law, issuing an inaccurate report, and causing harm to plaintiff, and defendants' [sic] could therefore not possibly have had a reasonable belief that their conduct complied with the FCRA.

**ANSWER:** NTN, Inc. denies the allegations in Paragraph 19, and further denies that the allegations pertain to any action or omission on its part.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate, affirmative defense, NTN, Inc. alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Plaintiff has waived and/or is estopped from alleging the matters set forth in said Complaint.

**THIRD AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Plaintiff's action as a whole, and each cause of action individually, is barred by the applicable statutes of limitations under Illinois law and/or Federal law, including but not limited to, 15 U.S.C.A. sec. 1640, et seq., as well as other state and Federal statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, NTN, Inc. alleges that at all times mentioned in the Complaint, NTN, Inc. acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, NTN, Inc. acted in good faith in the honest belief that the acts, conduct and communications, if any, of the NTN, Inc. were justified under the circumstances based on information reasonably available to these answering NTN, Inc.

**FIFTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize damages and, therefore, Plaintiff may not recover for losses, which could have been prevented by reasonable efforts on his own part, or by actions that might reasonably have been taken. Therefore, Plaintiff's recovery, if any, should be reduced by the failure of Plaintiff to mitigate its damages.

**SIXTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, NTN, Inc. alleges that Plaintiff is barred from any recovery against NTN, Inc. by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, NTN, Inc. alleges that Plaintiff is barred from any recovery against this answering NTN, Inc. by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, NTN, Inc. alleges that Plaintiff has failed to join all proper parties to this action or, alternatively, have misjoined the parties to this action.

**NINTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, NTN, Inc. alleges that Plaintiff is estopped from asserting any claim or other right against NTN, Inc. by reason of Plaintiff's own actions, representations, conduct, and/or omissions to act.

**TENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, NTN, Inc. alleges that if Plaintiff was damaged in any sum or sums alleged, which NTN, Inc. deny, NTN, Inc.'s alleged acts or omissions were not a proximate cause of said damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, NTN, Inc. alleges that the decision to deny housing and employment to Plaintiff was based solely on factors other than any alleged act or conduct on the part of NTN, Inc. and therefore NTN, Inc. did not cause or contribute to Plaintiff's alleged injury and damages.

**TWELFTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, NTN, Inc. alleges that Plaintiff failed to exercise ordinary care on its own behalf, which negligence and carelessness was a substantial factor of some or all of the injuries and damages complained in this action. Plaintiff's recovery, therefore, against NTN, Inc. should be barred or reduced according to principles of comparative negligence.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, NTN, Inc. alleges that the damages alleged by Plaintiff, if any, were caused, in whole or in part, by the negligence or fault of others, including other defendants, for which NTN, Inc. is not liable or responsible.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, NTN, Inc. alleges that the Complaint fails to state facts sufficient to entitle Plaintiff to an award of punitive or exemplary damages against NTN, Inc.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, NTN, Inc. alleges that Plaintiff is barred from recovery, in whole or in part, due to the intervening cause of another party.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, NTN, Inc. alleges that it is entitled to the benefit of all defenses and presumptions contained in, or arising from, any rule of law or statute of the State of Illinois and/or Federal Law. NTN, Inc. presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. NTN, Inc. reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

### JURY DEMAND

NTN, Inc. demands trial by jury as to all issues so triable.

### PRAYER

WHEREFORE, NTN, Inc. prays for judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint on file herein; and

2. That judgment be entered in favor of NTN, Inc.; and

3. For attorney's fees and costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**National Tenant Network, Inc**

By:     /s/ Siobhán M. Murphy
        One of Its Attorneys

Siobhán M. Murphy, ARDC #6207431
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Phone: 312-345-1718
Fax:     312-345-1778
Siobhan.Murphy@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May, 2015, a true and accurate copy of the foregoing **National Tenant Network, Inc's Answer to Amended Complaint** was filed with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Siobhán M. Murphy
Siobhán M. Murphy, ARDC #6207431
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Phone: 312-345-1718
Fax:     312-345-1778
Siobhan.Murphy@lewisbrisbois.com
*Attorney for NTN, Inc. , National Tenant Network, Inc*